NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YIQIN CHEN,<br><br>                 Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                 Respondent. | No.   16-72966<br><br>Agency No. A099-967-281<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]
Pasadena, California

Before: OWENS and BRESS, Circuit Judges, and FITZWATER,[***] District Judge.

Yiqin Chen, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' decision dismissing his appeal of the immigration judge's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

decision denying his application for asylum and withholding of removal. "We review factual findings, including adverse credibility determinations, for substantial evidence." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

Under the totality of the circumstances, substantial evidence supports the agency's adverse credibility determination. *See id.* at 1064-65. The agency determined that Chen was not credible because of numerous material inconsistencies between Chen's testimony and asylum application declaration. Chen does not dispute that these inconsistencies exist, and he only argues that his explanation—that the inconsistencies were the result of his faulty memory because of the passage of time—is "plausible."

However, substantial evidence supports the agency's determination that Chen's faulty memory explanation was not reasonable. Although "the normal limits of human understanding and memory may make some inconsistencies or lack of recall present in any witness's case," the inconsistencies between Chen's testimony and declaration concerned significant discrepancies regarding material details. *Shrestha v. Holder*, 590 F.3d 1034, 1044-45 (9th Cir. 2010). For example, despite being given numerous opportunities to clarify, Chen was inconsistent regarding whether the land dispute protest occurred in 1996, shortly after the birth

2

of his son, or a decade later in 2006, shortly before he left China. Chen was also inconsistent regarding whether he was physically abused while detained, how long he was detained, and how often he was interrogated while detained.

Without credible testimony, substantial evidence supports that Chen has not met his burden to demonstrate eligibility for relief. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

**PETITION FOR REVIEW DENIED**.